**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | No. 24-cr-10140-DJC |
| ENALD BEQIRAJ,<br>            Defendant. | ) ) ) ) ) | |

### MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Enald Beqiraj, by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to 18 U.S.C. § 3583(e)(1) and Fed. R. Crim. P. 32.1(c), for an Order terminating the remaining period of his supervised release approximately eighteen months early. *See* Letter of Enald Beqiraj, attached hereto as Exhibit 1.

Defense counsel conferred with Mr. Beqiraj's supervising probation officer, Christine Rubeiz, who confirmed that Mr. Beqiraj has performed well under supervision and remains in compliance with all his conditions. Probation Officer Rubeiz was unable to provide an official position due to the Probation Office's policy, which allows for the sharing of a recommendation only after a motion has been filed and the Court has requested input. Counsel also consulted with the Government, and AUSA Robert Richardson indicated that the Government's position would likely align with that of the Probation Office.

On April 25, 2023, the Honorable Lorna G. Schofield of the Southern District of New York sentenced Mr. Beqiraj to four months imprisonment followed by three years of supervised release. Dkt. 1 at 2. Mr. Beqiraj was released from custody and began his term of supervised release on November 2, 2023. *Id.* Jurisdiction of supervised release was transferred to this Honorable Court

1

on May 15, 2024. Dkt. 1. In the Order Transferring Jurisdiction, Judge Schofield, "expressly consent[ed] that the period of [] supervised release may be changed by [this Court] … without further inquiry…" Dkt. 1 at 1.

Throughout his supervised release, Mr. Beqiraj has diligently complied with every condition imposed. He has made timely reports to his probation officer, satisfied or exceeded restitution obligations, and otherwise remained in complete compliance with this Court's requirements. For the past six months he has been on administrative probation; during that time he voluntarily made an additional $10,000 restitution payment and increased his monthly restitution payment from $800 to $1,200. Mr. Beqiraj anticipates that by May, he will have fully paid the total restitution that he was expected to pay over the entire three-year supervision term. Exhibit 1. Early termination of supervised release will not affect Mr. Beqiraj's future payment of restitution. *Id.*

Since his release, Mr. Beqiraj has taken on a product management role at Kleosi, Inc, where he has "been spearheading the development of a major product in the artificial intelligence industry." Exhibit 1; *See also* Letter of Krisli Dimo, attached hereto as Exhibit 2. The company is preparing to expand its operations by opening a software engineering office in Albania, the country where Mr. Beqiraj is originally from, and he has been asked to lead that office. *Id.* In his personal life, Mr. Beqiraj, with this Honorable Court's permission (Dkt. 8), traveled to Turkey, met his fiancée's family, and is now engaged. The couple plans to marry and settle in Albania or Turkey, where most of their family resides and where Mr. Beqiraj's parents intend to retire. As a result, the current restrictions on international travel imposed by supervised release create significant obstacles to his professional responsibilities and family commitments.

18 U.S.C. § 3583(e)(1) allows this Honorable Court to "terminate a term of supervised release … at any time after the expiration of one year of supervised release … if it is satisfied

2

that such action is warranted by the conduct of the defendant released and the interest of justice." To determine whether early termination is warranted, the Court must consider the factors, to the extent they are applicable, set forth in 18 U.S.C. § 3553. *Id.* Furthermore, the recently amended Guide to Judiciary Policy provides that:

> At 18 months, there is a presumption in favor of recommending early termination for persons who meet the following criteria:
>
> (1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;
>
> (2) The person presents no identified risk of harm to the public or victims;
>
> (3) The person is free from any court-reported violations over a 12-month period;
>
> (4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
>
> (5) The person is in substantial compliance with all conditions of supervision; and
>
> (6) The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

Guide to Judiciary Policy, Vol. 8E, Ch. 3, §360.20(c), available at https://www.uscourts.gov/file/78805/download; *see also id.* at §360.20(e) ("The existence of an outstanding financial penalty does not adversely affect early termination eligibility, as long as the person under supervision is in compliance with the payment plan for the prior 12 months."). The defense respectfully submits that all applicable factors warrant an early termination of supervised release in this case.

Mr. Beqiraj's exemplary conduct—both personally and professionally—demonstrates his successful reintegration into society. He has remained diligent in fulfilling his restitution

3

obligations and has assumed increased financial responsibilities to ensure his remaining obligations are met. This compliance and good behavior reflect a low likelihood of reoffense and underscore that further supervision would not further the statutory goals under § 3553(a). At the same time, ongoing supervised release imposes an undue burden on his professional opportunities and personal life. Allowing Mr. Beqiraj to continue his progress without further restrictions would serve the interests of justice and provide him the freedom to fully pursue a law-abiding and productive life. Finally, Mr. Beqiraj meets the criteria outlined in the policy on early termination. He has not been convicted of any offense excluded under § 360.20(c)(1), poses no identifiable risk to the public or any victims, and has, since his release, consistently engaged in prosocial activities and demonstrated model behavior.

**WHEREFORE**, for the foregoing reasons, the defense respectfully requests that this Court enter an Order granting the early termination of Mr. Beqiraj's supervised release pursuant to 18 U.S.C. § 3583(e)(1).

## COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

Defense counsel conferred with Mr. Beqiraj's supervising probation officer, Christine Rubeiz, who confirmed that Mr. Beqiraj has performed well under supervision and remains in compliance with all his conditions. Probation Officer Rubeiz was unable to provide an official position due to the Probation Office's policy, which allows for the sharing of a recommendation only after a motion has been filed and the Court has requested input. Counsel also consulted with the Government, and AUSA Robert Richardson indicated that the Government's position would likely align with that of the Probation Office.

Respectfully Submitted,

Enald Beqiraj
By His Attorney,

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.
Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
menemtsev@gmail.com

Dated: April 14, 2025

## CERTIFICATE OF SERVICE

I, Maksim Nemtsev, hereby certify that on this date, April 14, 2025, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.